IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

PETER ALVERIO
AND MICHELLE R. ALVERIO                                    **PLAINTIFFS**

VS.                    **CASE NO. 2:15-cv-0017-JLH**

SELECT PORTFOLIO SERVICING;
U.S. BANK NATIONAL ASSOCIATION, AS
TRUSTEE, ON BEHALF OF THE HOLDERS OF
THE ASSET BACKED SECURITIES
CORPORATION HOME EQUITY LOAN TRUST,
SERIES NC 2005-HE8, ASSET BACKED PASS-
THROUGH CERTIFICATES, SERIES NC 2005-
HE8; LERETA, LLC                                          **DEFENDANTS**

## CONSENT JUDGMENT AND AGREED DECREE OF FORECLOSURE

On December 18, 2014, Peter Alverio and Michelle R. Alverio (collectively,

the "Alverios") filed a complaint (the "Complaint") against Select Portfolio Servicing,

Inc. ("SPS"), U.S. Bank National Association, as Trustee, on behalf of the holders of

the asset backed securities corporation home equity loan trust, Series NC 2005-

HE8, asset backed pass-through certificates, Series NC 2005-HE8 ("U.S. Bank as

Trustee"), and Lereta, LLC ("Lereta"). The Complaint was removed to this Court on

February 6, 2015. The Alverios appear by and through their attorney J. Shane Cox.

SPS and U.S. Bank as Trustee appear by and through their attorneys Judy

Simmons Henry, Wright, Lindsey & Jennings LLP. Lereta appears by and through

its attorneys Monte D. Estes, Dover Dixon Horne PLLC. Based upon the pleadings,

the agreement among the Alverios, SPS, U.S. Bank as Trustee, and Lereta,

(collectively, the "Parties") and other matters properly before this Court, the Court finds and orders as follows:

1.      The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties.  Venue is proper in this Court.

2.      On July 25, 2005, the Alverios executed a promissory note (the "Note") in favor of Home 123 Corporation in the amount of $84,450.00 with interest rate of 7.9750% per annum.

3.      To secure payment of the Note, the Alverios executed and delivered a mortgage (the "Mortgage") to Home 123 Corporation.  The Mortgage granted a mortgage interest in real property titled in the name of the Alverios located at 8018 Springhill Rd., Alexander, Arkansas 72002-9510, and more particularly described as:

> All that part of Northeast Quarter of the Northeast Quarter of Section 5, Township 1 South, Range 14 West, Saline County, Arkansas, more fully described as follows: Commencing at the Southeast corner of the NE 1/4 of NE 1/4 said Section 5 and run thence West, along South line thereof for 151.48 feet to the East line of Springhill road; run thence North 36 degrees 51 minutes West along East line of road for 229 feet; run thence North 32 degrees 11 minutes West along East line of road  for 115.64 feet; run thence North 15 degrees 07 minutes West along East line of road for 140 feet to the point of beginning of land herein described; run thence North 05 degrees 58 minutes West along East line of Road for 165.7 feet; run thence North 82 degrees 10 minutes East for 310.89 feet; run thence South 07 degrees 54 minutes East for 196.56 feet; run thence South 87 degrees 43 minutes West for 318.06 feet to the point of beginning.

(the "Property").

4.      The Mortgage was filed of record in Saline County, Arkansas on August 9, 2009, at 3:30 p.m. in Mortgage Book 05 page 083561.

1265496-v1

5.      The Mortgage was subsequently assigned to U.S. Bank as Trustee and recorded in Mortgage Book 13 page 043345.

6.      SPS is the servicer for U.S. Bank as Trustee and services the Note and Mortgage.

7.      Lereta is a third party who contracted through SPS to perform certain tasks on behalf of SPS.

8.      The Alverios defaulted under the terms and conditions of the Note, and have failed to cure the default.

9.      The obligation of the Alverios is evidenced by the Note and is secured by U.S. Bank as Trustee's properly perfected, first priority mortgage interest in the Property.

10.     There are no other liens or encumbrances upon the Property since Lereta and/or the Alverios have cleared a judgment that was a second priority lien on the Property.

11.     Pursuant to a confidential settlement agreement among the Alverios, SPS, U.S. Bank as Trustee and Lereta, the Alverios admit and agree that U.S. Bank as Trustee is entitled to an *in rem* judgment against the Property in the amount of $70,706.21 which is equal to the unpaid balance of the Note, interest through July 15, 2015, escrow advance, late charges and other fees and costs. Additionally, legal fees and costs have accrued and continue to accrue and are chargeable against the Property pursuant to the Note and Mortgage and Ark. Code Ann. § 16-22-308, and interest after July 15, 2015 continues to accrue at the rate of $13.01 per day until

3

entry of judgment and post-judgment interest at the highest rate allowed by law until paid from the proceeds of the foreclosure sale of the Property ("Judgment *In Rem*").

12.     The Alverios agree that U.S. Bank as Trustee is entitled to a decree of foreclosure of the mortgage of U.S. Bank as Trustee on the Property.

13.     The Alverios agree that U.S. Bank as Trustee, SPS as the servicer for U.S. Bank as Trustee, or either of their assignees is entitled to offset bid against the Judgment *in rem* at the foreclosure sale.

14.     The Alverios waive all rights of redemption, dower and curtesy, if any, in the Property.

15.     The purchaser at the foreclosure sale is entitled to a writ of assistance if possession of the Property is not relinquished upon recordation of a commissioner's deed herein.

16.     The Alverios agree that all their claims asserted as plaintiffs in this action against all defendants should be dismissed with prejudice upon completion of the aforementioned foreclosure sale.

IT IS THEREFORE ORDERED that Judgment *in rem* be granted in favor of U.S. Bank as Trustee against the Property in the total amount of the principal, interest, costs and fees as more specifically set forth above, plus legal fees and costs incurred and continuing to accrue, plus interest continuing to accrue after July 15, 2015, at the rate of $13.01 per day until entry of judgment, plus post-judgment interest at the highest rate allowed by law until paid.

4

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that U.S. Bank as Trustee holds a first priority mortgage interest in the Property.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that U.S. Bank as Trustee's right of foreclosure against the Property has become absolute, and U.S. Bank as Trustee is entitled to foreclose all interests in the Property if the Judgment *In Rem* is not paid in full within ten (10) days of the entry of this Judgment *In Rem* and decree of foreclosure.

IT IS FURTHER ORDERED that pursuant to 28 U.S.C. §§ 2001 and 2002, after publishing a notice of sale including the date, time, place, and terms of sale in a newspaper regularly issued and of general circulation in Saline County, Arkansas or in the Eastern Judicial District of Arkansas once each week for at least four weeks prior to the sale, the United States Marshal shall serve as the Commissioner to sell the Property to the highest bidder at public auction at the Saline County Courthouse where foreclosure sales are customarily conducted. The Commissioner shall report the foreclosure sale results to this Court and upon approval of the report, the proceeds of the sale shall be applied first to the costs of sale, then to payment of the Judgment *In Rem* in favor of U.S. Bank as Trustee, and the remainder, if any, shall be held in the registry of this Court pending further Court order.

IT IS FURTHER ORDERED that the purchaser(s) of the Property at the foreclosure sale shall pay in cash or on a credit of three months, with interest,

5

1265496-v1

except as to U.S. Bank as Trustee, SPS or either of their assignees, each of which is entitled to offset bid against the Judgment *In Rem* awarded herein.

IT IS FURTHER ORDERED that U.S. Bank as Trustee, SPS or either of their assignees is entitled to enforce performance by any purchaser at a judicial sale, or without waiving damages, to take the second highest bid (and so on until the Property is sold to a bidder(s)), or if no second highest bid exists as to the Property to reschedule another sale pursuant to the terms stated herein without further Order of the Court.

IT IS FURTHER ORDERED that U.S. Bank as Trustee, SPS or either of their assignees is entitled to enforce performance by any purchaser(s) at the foreclosure sale, or without waiving damages, to take the second highest bid (and so on until the Property is sold to a bidder(s)), or if no second highest bid exists as to the Property, to reschedule another foreclosure sale pursuant to the terms stated herein without further order of the Court.

IT IS FURTHER ORDERED that this Court will retain jurisdiction for the Court to review the report of sale and if acceptable, to confirm the sale, to enter a writ of assistance, if necessary, to enter an amount of fees and costs to be recovered from the sale of the Property in the event net sale proceeds exist from which a fee and cost recovery can be made, to enter an order of dismissal of the Alverios' complaint with prejudice upon approval of the foreclosure sale and to enter any other order to carry out the terms of this Judgment *In Rem* and decree of foreclosure.

6

IT IS SO ORDERED.

_____

Honorable J. Leon Holmes

_____
Date

APPROVED AS TO FORM AND CONTENT:

J. Shane Cox
*Attorney for plaintiffs Peter Alverio and Michelle R. Alverio*

Monte Estes
Dover Horne Dixon PLLC
*Attorneys for defendant Lereta, LLC*

WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201-3699
(501) 371-0808
FAX: (501) 376-9442
E-MAIL: jhenry@wlj.com
          jmoss@wlj.com

By: _____
Judy Simmons Henry (84069)
Jaimie G. Moss (2012228)
*Attorneys for defendants Select Portfolio Servicing, Inc.*
*and U.S. Bank National Association, as*
*Trustee, on behalf of the holders of the asset*
*backed securities corporation home equity loan*
*trust, Series NC 2005-HE8, asset backed pass-through*
*certificates, Series NC 2005-HE8*

8

1365406-v1